Shauck, J.
It is not supposed that the commissioners of Cuyahoga county were without authority to levy the tax in question, if the act of April 27, 1893, is constitutional, nor that such authority is otherwise conferred upon them.
It was settled in Wasson et al. v. The Commissioners, 49 Ohio St., 622, that section 2, of article XII of the Constitution, requires that “all taxes for general revenue for the state must be levied by a uniform rule upon all the taxable property within the state. ” No attempt will be made to add to the clearness or force of the very satisfactory reasons there given for that conclusion.
It remains to inquire whether the purpose to be accomplished by the taxation in question is local to Cuyahoga county or general to the state. That it is for the purchase of a site and the erection thereon of an armory for the use of the national guard, the active militia of the state, is averred in. the petition, admitted in the answer, and required by the act. The character of the guard and the purposes of its organization are not to be determined from evidence upon issues joined in the pleadings, but as matters of law from the constitutional and statutory provisions by which it is created and controlled.
It is ordained in section 10, article III, of the Constitution, that the governor shall be commander-in-chief of the military and naval forces of the state. The ninth article of the Constitution is devoted to the subject of the militia of the state, and the fifth section of that article imposes upon the *448 general assembly the definite duty that it “shall provide, by law, for the protection and safe keeping of the public arms.”
Title XV. of the Revised Statutes, provides for the enrollment, organization, government, equipment and pay of the guard and the care of the public arms. The guard may be ordered into active service by the commander-in-chief, it is subject to his orders, and it is provided that “the adjutant general shall, subject to the order of the governor, have control of all public arms, ammunition, accoutrements, etc., belonging to the state. ’ ’ The character of the militia as a state organization is thus definitely fixed. It is not at all affected by the fact that it may sometimes be called upon to aid the civil authorities in the preservation of public order. That duty is as clearly due to the civil authorities of Lorain county as to those of Cuyahoga. It is equally due from the entire guard to the proper civil officers of every county and municipality of the state. That some incidental benefit would result to Cuyahoga county from the erection of a public building in its chief city is doubtless true. But any view which would recognize such incidental benefit as a proper basis for a local imposition, would equally justify a tax on the property of Franklin county for the erection of a state building for the use of this court.
Nor is this question in any way affected by the fact that the legal title to the armory is in Cuyahoga county. The character of the imposition is determined by the fact that the armory is to be used for the accomplishment of duties which the Constitution charges upon the general assembly and officers of the state.
*449 The validity of a similar act was denied by the circuit court in Daniel v. The City of Columbus, 8 C. C. Rep., 642, and its judgment was affirmed by this court for reasons given in the opinion of the circuit court, 53 Ohio St., 658. It was there said: “The expenses incident to the performance of a duty of this general character cannot be made the subject of a local imposition. * * * The purpose to be accomplished by this expenditure is common to the state at large; and the taxes by which it is to be met, must, in obedience to the requirement of section 2, of article XII, of the constitution, be levied by a uniform rule upon all the taxable property within the state.”
The same conclusion was reached by the circuit court of Stark county in State ex rel. v. Kriegbaum et al., 9 C. C. Rep., 619, and its judgment was unanimously affirmed by this court. 54 Ohio St., 615.
The case presents no reason why the purchaser of these bonds should be exempt from the familiar and salutary rule that one who relies upon the act of a public officer must take notice of the limits to his authority. The courts of this state have never encouraged confidence in the validity of acts of this character. Not only so, but in a well considered case decided at the February term, 1893, the circuit court of Putpam county had held a similar act void. State ex rel. Long v. Brinkman et al., 7 C. C. Rep., 165.
The answer in this case has received the particular attention which counsel invited. Its averments contrary to the Constitution and the laws are unavailing to change the legal character of the guard; and the suggestions of local advantages to result from the erection of the armory had been *450 ably presented in tbe briefs of counsel in tbe former cases.

Judgment affirmed.

Minshall, J., dissents.